IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL KEITH EDWARDS,
Petitioner,

v. No. 3:05cv83/RV/MD

JAMES V. CROSBY,
Respondent.

---

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1). Respondent has filed a response (doc. 11) to which petitioner has replied (doc. 14). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in the Circuit Court of Okaloosa County, Florida, in separate informations, with armed robbery with a firearm (the Crawford Robbery) and attempted robbery with a firearm (the Patel robbery). Petitioner's counsel filed

a motion to suppress the seizure of a firearm (A-24)[1] along with a motion *in limine* to suppress the results of a photo line-up (A-34). Since the motion *in limine* was treated as a motion to suppress, it will be referred to as such herein. Shortly before trial petitioner wrote a letter to the court indicating he wanted to discharge his attorney and hire private counsel (B-180-82). After jury selection and before the jury returned for the trial the court held a hearing on all three matters. First addressing petitioner's desire to discharge his counsel, the court told petitioner that he had eight months within which to hire an attorney, and that asking for leave to do so on the morning of trial was too late (A-91). Defense counsel then outlined the work he had done to prepare for trial, which included using his investigators and taking depositions, and stated that he was ready for trial (A-91-92). Counsel also indicated that he and petitioner had some disagreements on how the case should be handled (A-93). The court found that counsel's representation was appropriate, and told petitioner that he had the option of being represented by his appointed counsel, or representing himself (A-95). Petitioner said he would proceed with no lawyer (*id.*). The court then conducted a *Farretta v. California*, 422 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) hearing, during which petitioner admitted that he had absolutely no experience or knowledge about criminal law or process (A-95-97). Petitioner then said that he really wanted another attorney, and when asked if he really wanted to represent himself, he responded "no," but that he would - that he would let the Lord represent him (A-98). Petitioner's request to represent himself, such as it was, was denied (A-100).

The court then considered the motions to suppress. The facts developed at the suppression hearing disclosed that petitioner robbed Mr. and Mrs. Crawford, who managed a motel in Crestview, Florida, at gunpoint in the well-lighted lobby of their motel. He was not apprehended. Eleven days later petitioner attempted to rob Mr. Patel, who managed a motel in the nearby city of Valparaiso, Florida. The police in Valparaiso made a show-up of a black male, and Mr. Patel denied that this was the

[1] All exhibits referred to herein are exhibits to doc. 11, and are lettered A - S. They will therefore be cited by exhibit and page number.

**robber. They later presented the petitioner, also a black male, and Mr. Patel positively identified him as the person who tried to rob him. They then searched petitioner's room and found a handgun in the toilet tank. Shortly thereafter the police in Crestview investigating the Crawford robbery learned of the Patel robbery, requested a photo of the suspect (petitioner), and included his photo in two separate photo line-ups. One was shown to Mrs. Crawford, who could not positively any of the faces, but thought that one might be the petitioner (which it was). Mr. Crawford, separately, positively identified petitioner on the second line-up card.**

**On the motion to suppress seizure of the handgun found after the Patel robbery, the court found that the issue boiled down to whether consent to a search had been given, and of the two witness involved, the court found as fact that the testimony of the officer was more credible, and that consent to search had been given by a person who had authority to consent. The court therefore denied the motion (A-149). After hearing further evidence on the development of the photo line-up, the court denied the second motion to suppress, finding as fact that there was no substantial likelihood of misidentification, that the individual line-ups were "excellently done" (A-171).**

**The next morning, January 20, 2002, with the jury waiting for the trial to begin, defense counsel announced a plea. In a written agreement, petitioner agreed to plead *nolo contendere* to both charges in exchange for a ten year sentence for armed robbery (against a possible life sentence) and to 3 years concurrent for aggravated assault with a firearm (reduced from attempted armed robbery) (A-69-69a), and reserved, with the consent of the state and the court, his right to appeal the court's denial of his motions to suppress and his request for self-representation (c)-184-87). The court conducted a full plea colloquy and accepted petitioner's pleas (c)-184-188). When asked whether he was satisfied with counsel's assistance, petitioner stated "I feel like I'm forced, Your Honor, but yes, I'm satisfied" (c)-188).**

**Trial counsel filed a timely notice of appeal (A-70), and assigned as error the court's ruling at the suppression hearing (A-71). An attorney with the Public Defender's office in Tallahassee, which office handles appeals, filed a brief pursuant**

**to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 LED.2d 493 (1967). In it she presented the appellate court with a very thorough review of the facts and procedural history (D-2-21). She specifically pointed out that petitioner had reserved his right to appeal the three issues discussed above, but concluded that she could not in good faith represent to the court that reversible error had occurred (D-20-22). She explained that the trial court's ruling on the suppression issue was grounded on fact finding, and that such a finding comes to the appellate court clothed with a presumption of correctness, and that the reviewing court must interpret the evidence in a manner most favorable to the trial court's ruling, citing *Johnson v. State*, 717 So.2d 1057, 1062 (Fla. 1st DCA 1998) (D-22). A police officer testified that the registered occupant of the motel room where petitioner was staying gave him permission to search, while the occupant denied that she gave such permission. The issue therefore turned entirely on whom the trial judge believed, and there was nothing upon which the appellate court could have based a reversal. She further noted that the court heard the defense's argument that the "show-up" to Mr. Patel tainted the identification, but never actually ruled on it (D-22-23).[2]**

**Appellate counsel also noted that the trial court held a proper inquiry into petitioner's desire either to represent himself or to change counsel[3] and that she could not find appealable error (D-23). She then recommended that the court give petitioner time to file his own brief and for the court to examine the record in search of an appealable issue (D-23-24).**

**Petitioner was given thirty days to file a *pro se* brief in support of his appeal (E-1), and he did so. He argued that his due process rights were abridged when the**

---

**[2]This statement is somewhat curious. Trial counsel argued that the Crawfords' identification was suspect because of the time that had passed, Mrs. Crawford's lack of positive identification, their age and their eyesight. Counsel did not mention Mr. Patel in any context in his argument, so appellate counsel's comment that the court heard argument that the show-up tainted the evidence but never ruled on it is incorrect. The court ruled that the photo line-ups were admissible but it was never asked to rule on anything concerning Mr. Patel.**

**[3]She stated that the hearing should have been held pursuant to *Nelson v. State*, 274 So.2d 256 (Fla. 4th DCA 1973) (where a defendant wants to change counsel, the court must query both the defendant and the attorney to determine whether counsel is ineffective). As shown above, the court did just that, and then proceeded to a *Faretta* hearing to determine whether petitioner really wanted to represent himself.**

**court appointed his attorney and then refused to replace him, and that his plea was involuntary because he stated on the record that he felt he was being forced to make a plea (F-1-15). He also faulted appellate counsel for filing an *Anders* brief. Significantly, he did not complain about the court denying his motions to suppress or denying his request for self-representation. The appellate court affirmed without opinion (I-1) and rehearing was denied (K-1).**

**Petitioner then filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, raising only two grounds: (1) that his no contest plea was involuntarily entered based on misadvice by his trial counsel and the judge that his preserved issues would be argued on direct appeal, and (2) that he was denied effective assistance of counsel in that his trial counsel failed to properly preserve the denial of his motion to suppress for appellate review (—2-10). The trial court denied relief in a written opinion without a hearing (—19-23). The court found that the record was unrefuted that petitioner reserved his right to appeal, and that his attorney had filed an appeal. It noted that if petitioner was unhappy with his appellate counsel, he should take that up with the court of appeal by filing a petition for writ of habeas corpus (—21). It further found that, contrary to petitioner's contention, trial counsel had preserved petitioner's right to appeal the suppression issues, and that appellate counsel had not argued them because the motions were denied based on factual findings, all of which were supported by the record (—22). Petitioner's appeal of the order denying his motion for post-conviction relief was unsuccessful (–1).**

**Thereafter, petitioner filed for habeas relief in the appellate court, raising the issue of ineffective assistance of appellate counsel (Q-1-7). The court denied relief, stating only: "The petition alleging ineffective assistance of appellate counsel is denied on the merits." ®-1).**

**Petitioner now seeks federal habeas relief on three grounds: (1) ineffective assistance of counsel in improperly advising petitioner that his suppression issues would be argued on appeal, (2) ineffective assistance of counsel in failing to preserve the suppression issues for appeal, and (3) ineffective assistance of**

appellate counsel in not arguing the suppression and self-representation issues. Respondent concedes that this petition is timely and that petitioner has exhausted his claims in the state court.

## DISCUSSION

Standard of Review

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2)

> **“involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.” Under the “contrary to” clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the “unreasonable application” clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court’s decisions but unreasonably applies that principle to the facts of the prisoner’s case.**

**120 S.Ct. at 1523 (O’Connor, J., concurring). Under the test just described a habeas court does not examine the State court’s ruling to see if it is correct, but examines it only to see if it is reasonable. More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the “clearly established Federal law,” namely, “the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision.” *Id.*, 123 S.Ct. 1172. The law is “clearly established” if Supreme Court precedent at the time “would have compelled a particular result in the case.” *Neelley v.* Nagle, 138 F.3d 917, 923 (11th Cir. 1998).**

**Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because “‘the state court applies a rule that contradicts the governing law set forth in [the Supreme Court’s] cases’ or because ‘the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.’” *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20). The Supreme Court has clarified that “[avoiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.” *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06). If the State court decision is found in either**

**respect to be contrary, the district court must independently consider the merits of the petitioner's claim.**

**If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable."** ***Williams,*** **529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.** ***Holland v. Jackson*****, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam);** ***cf. Bell v. Cone*****, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."** ***Putman v. Head*****, 268 F.3d 1223, 1241 (11th Cir. 2001);** ***see also Carr v. Schofield*****, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting** ***Ramdass v. Angelone*****, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).**

**Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued.** ***E.g., Mitchell v. Esparza*****, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . .");** ***Lockyer, supra*****, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to**

**give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").**

**Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).**

**Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).**

**When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting that the**

new statute places a heavier burden on petitioner to overcome the presumption of factual correctness).

Petitioner's Grounds for Relief

Petitioner asks this court to order the state court to allow him to withdraw his pleas of *nolo contendere* and go to trial. His claims against his trial counsel are based on his assertion that his trial counsel (and the trial judge) promised that his suppression issues and his *Faretta* issue would be appealed and presented to the appellate court for resolution, which did not happen, and that trial counsel did not preserve the issues for appeal. His claim against appellate counsel is based on that counsel's failure to present and argue these two claims.

1. Clearly Established Federal Law

In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must prove that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*). In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler* at 1314. "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have

> **chosen is guilty of rendering ineffective assistance." *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc). Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.**

***Chandler* at 1314 (footnote omitted). Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *Chandler* at 1314 n.15.**

**In order to meet the prejudice prong of the *Strickland* standard in the context of a plea, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S.Ct. at 2067. Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). That determination does not depend simply on the defendant's say-so, however. The court must still review the evidence and other relevant factors and make an objective determination on whether true prejudice has been shown. *Id.* Without support in the record, bare allegations that the petitioner would have gone to trial, or was prejudiced by counsel's performance are not sufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069. Of relevance here, the Court held in *Hill v. Lockhart*, *supra*, that where a defendant "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."" 474 U.S. at 59, 106 S.Ct. at 370.**

**Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice**

**components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).**

**2. Federal Review of State Court Decision**

**a. Ineffective assistance of trial counsel - misadvice.**

**The thrust of petitioner's first argument against trial counsel is that an agreement was reached by which he would plead to two charges with the understanding that his suppression issues and the denial of his request to represent himself would be taken up on appeal, but that this was not done through the fault of trial counsel.**

**i. What was petitioner promised?**

**Petitioner really says he was promised two things: that he reserved the right to appeal three issues, and that they would be argued on appeal. The judge's part in this alleged promise is easily disposed of. The plea colloquy made abundantly clear that the judge told petitioner that he was reserving his right to appeal the three issues. It is just as abundantly clear that the judge did not promise that the issues would be argued on appeal. He simply did not say so. Moreover, if he had even hinted at it, which he did not, it is not for the judge to decide what happens after the plea is accepted and sentence is imposed. That is up to the lawyer who handles the appeal. Thus, as to any claim that the court misled him, petitioner's claim lacks a factual foundation.**

**The record also shows, at least inferentially, that counsel told petitioner that the three issues would be preserved for appeal, and in fact they were. Trial counsel filed a notice of appeal, and cited as error the denial of the suppression motion. It is arguable that this covered only the gun seizure, but appellate counsel also addressed the line-up. The state, in its reply brief, did not argue that the line-up issue had not been preserved, so this court cannot say that it was not. Thus, counsel kept his promise that the issues were preserved for appeal.[4]**

---

**[4]Petitioner raised the third issue, self-representation, in his *pro se* brief (F-8), and the state did not argue that it had not been preserved for appeal, so this court cannot say otherwise.**

**The more relevant question is whether trial counsel made petitioner a *promise* that the preserved issues would be *presented and argued* on appeal. In denying petitioner's 3.850 motion the state court did not address this claim, finding only that the right to appeal had been preserved, as promised (—21-22). In his petition here, which was sworn under penalty of perjury, petitioner says his plea was involuntary "based on trial counsel and judge misadvice that his preserved issues would be argued on direct appeal." (Doc. 1, p. 4). He concludes that he would not have pleaded "if it wasn't for trial counsel's misleading advice, that my motion to suppress, and Faretta inquiry was going to be argued on appeal." (*Id*. at 4(a)). What is missing is evidence that such a promise took place at some place other than in the courtroom. Petitioner implies that the promise was made in open court, because he ties the alleged "misadvice" by the judge and by his lawyer together. The transcript of the plea hearing clearly does not contain such a promise by counsel or by the judge. Petitioner does not say that any such promise was made by counsel at any other time. Indeed, the written plea agreement begins with "THE FOLLOWING IS TO REFLECT ALL TERMS OF NEGOTIATED PLEA," and in reference to any appeal, says only "RESERVE RIGHT TO APPEAL," and concludes with "NO THREATS OR PROMISES HAVE BEEN MADE TO CAUSE ME TO ENTER THIS PLEA." (A-69-69A). Moreover, during the plea colloquy:**

**THE COURT: Did anyone suggest that you'll be treated any way other than as provided in the written agreement?**

**MR. EDWARDS: No, sir.**

**(C-184-85). Petitioner's sworn testimony at the plea colloquy is presumed to be truthful. "In analyzing the constitutionality of a guilty plea, a reviewing court must determine that the plea represents 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Jones v. White*, 992 F.2d 1548, 1556 (11th Cir. 1993)(quoting *Hill v. Lockhart*, 474 U.S. 5at 56, 106 S.Ct. at 369). Additionally, the Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral**

**proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process." *Jones,* 992 F.2d at 1556. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991). Solemn declarations made under oath in open court carry a strong presumption of verity. *Id*. They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Id*. An after the fact recantation of petitioner's testimony at the change of plea hearing, without more, is insufficient to raise a viable claim of ineffective assistance of counsel. It is thus manifest that the written plea agreement contained all the terms of the negotiated plea, that there were no other promises made, and although it was made clear that the subject issues were being preserved for appeal, nothing was said in the plea agreement or during the plea colloquy that the subject issues *would of necessity* be presented and argued on appeal. Petitioner therefore cannot show that his counsel broke a promise and that his performance was ineffective. The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 20 U.S.C. § 2245(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.**

**ii. <u>Were the issues preserved for appeal?</u>**

**The state court found that petitioner failed to show that defense counsel had "failed to show that the failure to raise and/or argue the denial of his motion to suppress on appeal was due to the alleged failure to properly preserve the issue for appeal." (M-22). The court further stated that"[i]f Defendant takes issue with the representation of his appellate counsel, the proper remedy is to file a petition for writ of habeas corpus with the First District Court of Appeal." *Id*.**

**Petitioner's argument on this matter is confusing. He clearly blames his *trial* counsel for not arguing his issues on appeal. He says, in response to the just-**

**quoted language by the trial court, that he did not have a plea agreement with appellate counsel (doc. 1, p. 4(b), which seems to imply that because his plea agreement was "with" his trial counsel, trial counsel had the responsibility to see that the issues were presented and argued on appeal. Petitioner has cited no law for this proposition, nor has the court found any. Trial counsel's responsibility was to preserve the issues for appeal, which he did. The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 20 U.S.C. § 2245(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.**

**And even if trial counsel somehow performed ineffectively, petitioner cannot meet the prejudice prong of *Strickland*. That is, he cannot show that a reasonable probability exists that, but for counsel's unprofessional errors, he would have gone to trial. Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).**

**b. <u>Ineffective assistance of trial counsel - failure to preserve fact of dispositiveness.</u>**

**Petitioner next contends that his attorney failed to have the record show that the issues reserved for appeal were dispositive. He reasons that because that specific finding was not placed on the record, the appellate court must have denied him relief as a result. The 3.850 court did not address this claim specifically, holding only that petitioner had reserved his right to appeal.**

**Florida law requires that when a plea is accepted with a reservation of the right to appeal, the trial court must determine that the issue is legally dispositive and therefore eligible to be reserved. *Leisure v. State*, 429 So.2d 434 (Fla. 1st DCA 1983). It is clear, however, that this technical requirement can be waived. Here the state, defendant's counsel, and the trial judge all agreed that defendant was pleading while reserving his right to appeal. The court would not have consented to that procedure if the matters to be appealed were not dispositive. Indeed, in *Everett v. State*, 535 So.2d 667 (Fla. 2nd DCA 1988) the court considered an appeal where the trial court accepted such a plea without making a determination that the appealable issue was**

**dispositive, much as was done here. Petitioner therefore cannot show that his attorney's assistance in this regard was ineffective. Moreover, the state did not object to the issues that were raised on appeal on the basis of the defect petitioner suggests here, so he cannot do more than speculate that this affected his appeal. And finally, the question of whether the issues appealed were dispositive was not addressed by the appellate court for the simple reason that the issues were not presented to it. Consequently petitioner cannot show prejudice.**

**c. Ineffective assistance of appellate counsel.**

**For his final ground for relief petitioner says that his appellate counsel was ineffective for failing to raise and argue the issues he wanted appealed. He raised this in his 3.850 motion, but the court noted correctly that this was an issue to be taken up by the appellate court. In Florida "[t]he proper method by which to raise ineffective assistance of appellate counsel is by writ of habeas corpus directed to the appellate court which considered the direct appeal."** ***Dinkins v. State*****, 600 So.2d 1295 (Fla. 1st DCA 1992),** ***citing Smith v.*** **State, 400 So.2d 956 (Fla. 1981). Petitioner therefore sought habeas relief there (Q-1-7), which was denied, the court stating "The petition alleging ineffective assistance of appellate counsel is denied on the merits." ®-1).**

**Petitioner's appellate counsel was not ineffective. Petitioner reserved his right to appeal certain matters. His appellate counsel reviewed the file and filed an** ***Anders*** **brief after she determined that she could not in good faith advance an argument that deserved appellate review. Petitioner was provided with a copy of this brief, and was invited to file his own brief. He did so, but contended only that his due process rights were abridged when the court appointed his attorney and then refused to replace him, and that his plea was involuntary because he stated on the record that he felt he was being forced to make a plea. He did not himself raise the issues he wanted raised at a time when he knew they had not been raised. He therefore waived the appeal of those issues by his own inaction.**

**Petitioner makes the curious assertion that he was erroneously forced to go to the appellate court when the trial court should have resolved the issue. That is**

**incorrect, as shown above. A claim of ineffective assistance of appellate counsel must be presented to the appellate court, not the trial court. Petitioner in fact did so, but unsuccessfully. He seems to think that he was unsuccessful in the appellate court because of something the trial court did, but that is also incorrect. He petitioned for habeas relief in the appellate court, as he should have to begin with, and that court considered the matter and denied relief on the merits.**

**The claim was denied on the merits because it was meritless. Petitioner says that the suppression issues should have been presented and argued. Appellate counsel determined that there was no viable issue to argue and so informed the court and the petitioner. There was in fact no viable issue because the suppression motions were unsuccessful in the trial court based on their facts. That is, petitioner did not have a claim that the trial court made an incorrect legal ruling that the appellate court could consider *de novo*. Rather, the trial court based its decision on a credibility finding - the judge believed one witness over the other and he believed the testimony of the persons involved in the photo line-up. An appellate court "is bound by the trial court's findings of fact – even if only implicit – made after a suppression hearing, unless they are clearly erroneous." *State v. Setzler*, 667 So.2d 343, 346 (Fla. 1st DCA 1995). Believing one witness over another cannot be clearly erroneous under these circumstances. Thus, the state court's ruling that appellate counsel was not ineffective did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 20 U.S.C. § 2245(d) (1); *Williams, supra*.**

**The self-representation issue was equally without merit. The trial court conducted a thorough hearing on whether petitioner was entitled to substitute counsel, which he was not, and on whether he was making a clear demand to represent himself, which he was not. Petitioner's claim that he was denied the right of self-representation is grounded in *Faretta v. California*, *supra*, in which the Supreme Court held that the Sixth Amendment "grants to the accused personally the right to make his defense." *Id.*, 422 U.S. at 819, 95 S.Ct. at 2533. Unlike the criminal defendant's right to counsel, which is in effect until waived, the right to self-**

**representation is not effective until affirmatively asserted. Invocation of the right of self-representation requires that the defendant also waive his right to counsel. A defendant should be permitted by a court to represent himself only when he "knowingly and intelligently" relinquishes his right to counsel by making a "clear and unequivocal" assertion of his right of self-representation. 422 U.S. at 835, 95 S.Ct. at 2541. The right to counsel is preeminent, and courts must indulge every reasonable presumption against waiver of counsel. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937). In the absence of a clear election, a court "should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense." *Brown v. Wainwright*, 665 F.2d 607, 610 (Former 5th Cir. 1982) (en banc)[5]; *see also Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1976). When a defendant wishes to proceed without counsel, the court should make him "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541.**

**As stated above, to invoke the right to self-representation under *Faretta*, a defendant must "clearly and unequivocally" assert that right. The Eleventh Circuit has interpreted this to mean that a "petitioner must do no more than state his request, either orally or in writing, unambiguously to the court so that no reasonable person can say that the request was not made." *Stano v. Dugger*, 921 F.2d 1125, 1143 (11th Cir. 1991) (quoting *Dorman v. Wainwright*, 798 F.2d 1358 (11th Cir. 1986)). When evaluating a defendant's request to represent himself, a trial court must "traverse . . . a thin line" between improperly allowing the defendant to proceed pro se, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation. *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990).**

---

**[5]In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981, decisions of the full bench of the former Fifth Circuit which were submitted to that court for a decision before October 1, 1981.**

**A defendant who initially requests to waive counsel may subsequently abandon or waive the waiver. *Dorman*, 798 F.2d at 1365, n.15; *Brown*, 665 F.2d at 611. This may be accomplished through the defendant's explicit request, or deduced from his subsequent conduct which reasonably shows that he has abandoned his original request. *Brown*, 665 F.2d at 611. For example, a defendant who vacillates on the issue or continues to seek the benefit of representation may be found to have relinquished his initial request. *Id*. (citing cases). While a defendant need not "continually renew his request to represent himself even after it is conclusively denied by the trial judge, *Brown*, 665 F.2d at 612, he must pursue the matter diligently." *Raulerson v. Wainwright*, 732 F.2d 803, 809 (11th Cir. 1984); *Dorman*, 798 F.2d at 1365 n.16. The request may be considered abandoned if the court leaves the matter open and the defendant fails to re-assert his request. *Brown, supra*. On the other hand, once a defendant has made an unequivocal assertion of his right to represent himself and the trial court enters a definitive ruling denying the request, he need not "make fruitless motions or forego cooperation with defense counsel" to show he has not abandoned his request or acquiesced to proceeding with counsel. *Orazio v. Dugger*, 876 F.2d 1508, 1512 (11th Cir. 1989); *Dorman, supra* at 1367; *Brown, supra* at 612.**

**Here the trial court was never told unequivocally that petitioner wanted to represent himself. Boiled to its essentials, petitioner's testimony was that he didn't like his lawyer and wanted a different one, and that if he couldn't get a different lawyer he would represent himself with God's help, even though he didn't want to. Even if the *Faretta* issue had been presented to the appellate court it would have failed, so petitioner cannot show prejudice. The state court's ruling that appellate counsel was not ineffective did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 20 U.S.C. § 2245(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.**

**Accordingly, it is respectfully RECOMMENDED that the petition for writ of habeas corpus, (doc. 1) challenging the conviction and sentence in the case of *State***

***of Florida v. Michael Keith Edwards,*** **in the Circuit Court of Okaloosa County, Florida, case nos. 01-884 and 01-940, be DENIED, that this cause be DISMISSED and that the clerk be directed to close the file.**

**At Pensacola, Florida this 23rd day of November, 2005**

/s/ Miles Davis

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

***NOTICE TO THE PARTIES***

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**